UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARVIS WILSON,

        Plaintiff,

v.                                    Case No. 3:19-cv-1073-J-39PDB

DICKERSON et al.,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Tarvis Wilson, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.). Plaintiff moves to proceed in forma pauperis (Doc. 11). In his complaint, Plaintiff names seven Defendants, including one "John Doe," for alleged constitutional violations that occurred at Suwannee Correctional Institution on April 12, 2016. See Compl. at 2-3. Plaintiff asserts five Defendants placed him on seventy-two-hour strip status for a disciplinary infraction Plaintiff contends he did not commit. Id. at 3, 4. On strip status, Plaintiff was deprived of all bedding, hygiene and personal items, and clothing (except boxers). Id. at 3, 5. Such conduct, Plaintiff alleges, amounts to deliberate

indifference and cruel and unusual punishment in violation of the Eighth Amendment and a denial of due process in violation of the Fourteenth Amendment.[1] Id. at 3. Plaintiff's claim against the remaining two Defendants is unclear. It appears Plaintiff alleges they retaliated against him in violation of the First Amendment because they did not grant him relief when he filed grievances related to his strip status. Id. at 3-4.

Plaintiff contends Defendants' conduct caused him to experience depression, humiliation, soreness, and sleep deprivation. Id. at 5. He also asserts he had an asthma attack on April 15th.[2] Id. As relief, Plaintiff seeks damages and declaratory and injunctive relief. Id. at 5-6.

---

[1] Plaintiff contends Defendants' conduct deprived him equal protection as well. See Compl. at 3. It appears Plaintiff intends to assert a due process claim only, because he says his placement on 72-hour strip status "imposed an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life, [which] denied [him] due process of law." Id. Plaintiff alleges no facts suggesting he was discriminated against based on a constitutionally protected interest. See id.

[2] Plaintiff does not state why his confinement to strip status resulted in an asthma attack. However, the grievance documents Plaintiff files (Doc. 1-4) illuminate the allegations. Plaintiff complained to prison officials that he was denied his rescue inhaler while on strip status. See Doc. 1-4 at 2. A prison official denied his grievance because Plaintiff did not have a valid medical order for an inhaler. Id. at 3. Moreover, the emergency room records Plaintiff provides belie his allegation that he suffered an asthma attack on April 15, 2016. See id. at 19. The emergency room physician diagnosed Plaintiff as having an "overdose," possibly from "synthetic marijuana." Id. at 19, 28, 30. The physical exam showed Plaintiff had no cough or shortness of breath. Id. at 29.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-

3

21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

First, Plaintiff fails to state a claim under the Eighth Amendment. To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future

4

health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Plaintiff does not allege the conditions of his confinement posed an unreasonable risk to his health or safety of which Defendant were aware. See id.

Moreover, the Eleventh Circuit has expressly held a prisoner who alleges he was placed on seventy-two-hour strip status and provided only boxers fails to state a claim under the Eighth Amendment. See Woodson v. Whitehead, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[] that create[s] a substantial risk of serious harm."). See also O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (holding the prisoner failed to state the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks). Because Plaintiff's claim is premised on facts the Eleventh Circuit has held do not amount to an Eighth Amendment violation, his claim necessarily fails. See Woodson, 673 F. App'x at 932; O'Connor, 644 F. App'x at 932.

Second, Plaintiff's allegations, accepted as true, fail to demonstrate a denial of due process under the Fourteenth Amendment. See Woodson, 673 F. App'x at 933 (recognizing "restrictive disciplinary confinement . . . is not the kind of change in

5

condition that . . . imposes an atypical or significant hardship") (citing Sandin v. Conner, 515 U.S. 472, 482-86 (1995)). Plaintiff asserts no facts suggesting he was subjected to conditions so severe that they imposed upon him a significant hardship in comparison to the ordinary incidents of prison life such that a liberty interest was implicated. See Sandin, 515 U.S. at 485, 487 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.").[3]

Finally, Plaintiff fails to state a First Amendment violation against the two Defendants (Lane and Doe) who allegedly denied him relief when he filed a grievance. To state an actionable claim for retaliation, a plaintiff must allege:

> (1) his speech was constitutionally protected;
> (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech [the grievance].

---

[3] Upon review of disciplinary records Plaintiff provides (Doc. 1-1), it appears Plaintiff was placed on strip status because he was found in possession of a weapon. See Doc. 1-1 at 15. On April 11, 2016, officers conducted a strip search of Plaintiff and discovered a "piece of metal" that was "sharpened to a point on one end." Id. See also Doc. 1-2 (in which a prison official noted Plaintiff was placed on property restriction (strip) "for a violation of rules of prohibited conduct").

6

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (first and third alterations in original). Plaintiff alleges no facts suggesting Defendants Lane and Doe engaged in retaliatory conduct against him because he filed grievances. Indeed, Plaintiff asserts no factual allegations against Defendants Lane and Doe at all. See Compl. at 4-5. Rather, Plaintiff references these Defendants only when he sets forth his claims for relief, and it appears his claim against Lane and Doe is based solely on his placement on strip status by the other Defendants. Id. at 3-4.

To the extent Plaintiff's claim against Defendants Lane and Doe is premised solely on their roles as supervisors, his claim fails as a matter of law. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.").

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Tarvis Wilson